**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SECURITIES AND EXCHANGE
COMMISSION,**

    **Plaintiff,**

v.                                            **Case No. 8:09-cv-1046-T-30TGW**

**WALL STREET COMMUNICATIONS,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Donald R. McKelvey's Motion to Dismiss the Complaint (Dkt. 13) and Plaintiff's Response in Opposition to Defendant Donald R. McKelvey's Motion to Dismiss (Dkt. 22). The Court, having reviewed the motion, response, and being otherwise advised in the premises, finds that Defendant Donald R. McKelvey's Motion to Dismiss the Complaint (Dkt. 13) must be denied.

### BACKGROUND

On June 5, 2009, Plaintiff the Securities and Exchange Commission ("SEC") filed a six-count complaint against Defendants Wall Street Communications, Inc. ("Wall Street"), Howard A. Scala ("Scala"), Ross E. Barall ("Barall"), and Donald R. McKelvey ("McKelvey"). As set forth in the complaint, the case "involves a series of stock manipulation schemes and a fraudulent, unregistered distribution of stock orchestrated by an unregistered broker dealer and its principal." (Dkt. 1). Specifically, Count I alleges a claim

against Defendants Wall Street, Scala, and McKelvey under Sections 5(a) and 5(c) of the Securities Act, Count II alleges a claim against all Defendants under Section 17(a)(1) of the Securities Act, Count III alleges a claim against all Defendants under Sections 17(a)(2) and 17(a)(3) of the Securities Act, Count IV alleges a claim against all Defendants under Section 10(b) of the Securities Act, Count V alleges a claim against Defendants Wall Street and Scala under Section 15(a) of the Securities Act, and Count VI alleges a claim against Defendants Wall Street and Scala of aiding and abetting McKelvey's violations of Section 10(b) of the Securities Act.

On July 8, 2009, McKelvey filed a motion to dismiss the complaint. (Dkt. 13). The motion argues that the counts asserted against McKelvey must be dismissed because the complaint alleges conclusory allegations to support the claims of McKelvey's alleged violations of the federal securities laws. On August 10, 2009, Plaintiff filed its response in opposition to McKelvey's motion to dismiss. (Dkt. 22). Plaintiff argues that McKelvey's motion to dismiss merely disputes facts alleged in the complaint, which is inappropriate at the motion to dismiss stage, and that the allegations against McKelvey are sufficient to assert claims of violations of the federal securities laws.

As set forth below, the Court agrees that Plaintiff's claims against McKelvey are sufficient to withstand a motion to dismiss.

# DISCUSSION

## I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Analysis

### A. Rule 9(b) of the Federal Rules of Civil Procedure

McKelvey argues that the fraud charges against him are insufficient under Fed. R. Civ. P. 9.  Rule 9(b) requires that "in all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b). However, intent may be averred generally.  Id.  The particularity requirement applies to securities fraud claims brought by the SEC, just as it does to such claims brought by private plaintiffs.  S.E.C. v. Roanoke Technology Corp., No. 6:05-cv-1880-Orl-31KRS, 2006 WL 3813755, *2 -3 (M.D. Fla. Dec. 26, 2006) (citing SEC v. Druffner, 353 F. Supp. 2d 141, 148 (D.Mass. 2005)).

A review of the allegations against McKelvey demonstrate that they are pled with the particularity required under Rule 9(b). The complaint states the specific dates that McKelvey allegedly signed the fraudulent S-8 forms, includes details as to why the S-8 forms were false, identifies the dates that McKelvey fraudulently authorized shares to Wall Street, states the amounts of the shares, and identifies the time period that Wall Street sold the shares and indirectly paid back the shares to McKelvey.  The allegations also identify the amount of Wall Street's payments to McKelvey and state McKelvey's desire to enrich himself through the receipt of these payments.  Accordingly, McKelvey's motion to dismiss on the issue of whether the allegations against him comply with Rule 9(b) must be denied.

### B. Sections 5(a) and 5(c) - Count I

McKelvey argues that Count I of the complaint fails to plead a violation of the securities registration requirements of the Securities Act. In order to establish a prima facie case for a violation of Section 5 of the Securities Act, the SEC must demonstrate that: (1) the defendant directly or indirectly sold or offered to sell securities; (2) through the use of interstate transportation or communication and the mails; (3) when no registration statement was in effect. S.E.C. v. Calvo, 378 F.3d 1211, 1214 -15 (11th Cir. 2004).

A review of the allegations demonstrate that they state a claim under Section 5 of the Securities Act. The complaint pleads in detail the scheme that McKelvey allegedly employed to sell securities using the means of interstate commerce and that the purported means of registration, the Form S-8, was invalid. McKelvey's argument seems to primarily deny the truth of the complaint's allegations and assert potential affirmative defenses that would preclude a claim under Section 5. However, at this stage, the Court must assume the truth of the complaint's allegations. Accordingly, McKelvey's argument to dismiss Count I of the complaint must be denied.

### C. Section 10(b), Rule 10b-5, and Section 17(a) - Counts II, III, and IV

McKelvey argues that Counts II, III, and IV fail to state a claim against him and should be dismissed. Section 10(b) of the Securities Exchange Act of 1934 makes it unlawful for any person to use or employ, in connection with the purchase or sale of any security, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the SEC may prescribe. SEC v. Zandford, 535 U.S. 813, 819 (2002).

"Rule 10b-5, which implements this provision, forbids the use, 'in connection with the purchase or sale of any security,' of 'any device, scheme, or artifice to defraud' or any other 'act, practice or course of business' that 'operates ... as a fraud or deceit.'" Id. (quoting 17 CFR § 240.10b-5). Rule 10b-5 also proscribes, among other things, the making of any "untrue statement of a material fact" or the omission of any material fact "necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." 17 CFR § 240.10b-5. The scope of Rule 10b-5 is coextensive with the coverage of Section 10(b), Zandford 535 U.S. at 816 n. 1, and therefore the Court will generally use "Section 10(b)" to refer to both the statutory provision and the Rule.

To state a claim for securities fraud under Section 10(b), a plaintiff must allege that the defendant made material misstatements or omissions as to which he had a duty to speak, or used a fraudulent device, with scienter, in connection with the purchase or sale of securities. See S.E.C. v. Roanoke Technology Corp., 2006 WL 3813755 at *2-3 (citing SEC v. Monarch Funding Corp., 192 F.3d 295, 308 (2d Cir. 1999); Ross v. Bank South, N.A., 885 F.2d 723, 728 (11th Cir. 1989)).

Section 17(a) of the Securities Act of 1933 provides that:

It shall be unlawful for any person in the offer or sale of any securities ... by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly

(1) to employ any device, scheme, or artifice to defraud, or
(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

> (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

A claim under Section 17(a) of the Securities Act requires essentially the same elements as a claim under Section 10(b) and Rule 10b-5, except that there is no scienter requirement for claims under Section 17(a)(2) or (3). Monarch Funding, 192 F.3d at 308.

A review of the allegations demonstrate that they are sufficient to state claims under Section 10(b), Rule 10b-5, and Section 17(a) of the Securities Act. As set forth herein, the complaint alleges McKelvey's scheme to use fraudulent Form S-8 registration statements to personally enrich himself. The allegations state that McKelvey used the Form S-8 registration statements as a cover for issuing shares in furtherance of the scheme to defraud and that McKelvey reaped the benefit of this sham by funneling the sales proceeds to Donelson Capital Partners, an entity he controlled. Accordingly, McKelvey's motion to dismiss on these grounds must be denied.

### D. Remedies and Statutes of Limitation

McKelvey lastly argues in his motion to dismiss that the SEC is not entitled to seek certain remedies against him, including disgorgement, a penny stock bar, an officer and director bar, and civil money penalties. Because the Court finds that Plaintiff has sufficiently stated a claim against McKelvey for certain violations of the Securities Act, a review of the applicability of certain remedies is premature at this stage. McKelvey's argument regarding the appropriateness of the remedies can be raised again at the summary judgment stage.

Similarly, McKelvey's argument that the SEC's claims are barred under the statute of limitations is premature. A dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. <u>Bhd. of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.</u>, 522 F.3d 1190, 1194 (11th Cir. 2008). On the face of the complaint, it is not apparent that the SEC cannot meet the 5-year statute of limitations.[1] Accordingly, McKelvey's motion to dismiss on these grounds must be denied.

## CONCLUSION

For the reasons set forth herein, it is ORDERED and ADJUDGED that:

1. Defendant McKelvey's Motion to Dismiss the Complaint (Dkt. 13) is hereby **DENIED**.

2. Defendant McKelvey shall have ten (10) days from the date of this Order to file an answer to the complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 19, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1046.m2dismiss.frm

---

[1] At this stage, the Court will refrain from deciding the issue of whether a statute of limitations even applies to the SEC's claims against McKelvey.