UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO.: 8:09-CV-1046-JSM-TGW

SECURITIES AND EXCHANGE COMMISSION )
)
                  **Plaintiff,** )
)
v. )
)
WALL STREET COMMUNICATIONS, INC., )
HOWARD A. SCALA, ROSS E. BARALL, and )
DONALD R. McKELVEY, )
)
                  **Defendants.** )
_____)

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND ENTERING JUDGMENT OF PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT WALL STREET ONLY**

THIS CAUSE comes before the Court upon Plaintiff Securities and Exchange Commission's Motion for Default Judgment Against Defendant Wall Street Communications, Inc. (D.E. 28).

The Commission filed this action against Wall Street on June 5, 2009. (D.E. 1). In its Complaint, the Commission sought, among other things, a permanent injunction to prohibit Wall Street from violating the federal securities laws in connection with the fraudulent unregistered distribution of securities and a stock manipulation scheme. The Commission served Wall Street with a summons and copy of the Complaint the same day. (D.E. 5). The Clerk of the Court issued a default against Wall Street on July 2, 2009. (D.E. 11).

This Court having jurisdiction over Wall Street and the subject matter hereof, and the Court being fully advised in the premises:

1

**IT IS ORDERED AND ADJUDGED** that the Commission's Motion for Default Judgment is **GRANTED** and this Judgment of Permanent Injunction and Other Relief as to Defendant Wall Street is entered as follows:

## I.

## VIOLATION OF SECTION 5 OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Wall Street and its, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**II.**

**VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT OF 1933**

**IT IS FURTHER ORDERED AND ADJUDGED** that Wall Street and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

# III.

## VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Wall Street and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

# IV.

## VIOLATION OF SECTION 15(a)(1) OF THE SECURITIES EXCHANGE ACT OF 1934

IT IS FURTHER ORDERED AND ADJUDGED that Wall Street and its, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Securities Exchange Act of 1934 [15 U.S.C. §78o], in the absence of any applicable exemption:

(a) Unless a broker or dealer is registered in accordance with Section 15(b) of the Securities Exchange Act of 1934, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills).

## V.

### DISGORGEMENT AND CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Wall Street shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and prejudgment interest shall be calculated from June 5, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

## VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and Wall Street in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VII.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE