UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                      Case No. 8:09-cv-1046-T-30TGW

WALL STREET COMMUNICATIONS,
INC., et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Donald R. McKelvey's Motion to Order Uncontroverted Facts Established at Trial (Dkt. 93) and Plaintiff's Response in Opposition (Dkt. 99). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

Defendant's motion relies on Fed. R. Civ. P. 56(d) to request the Court to order that certain facts are not genuinely at issue. Fed. R. Civ. P. 56(d) states:

> **(d) Case Not Fully Adjudicated on the Motion.**
>
> **(1)** *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.

Defendant cites to Rule 56(d) in his motion, but does explain how his motion is appropriate at this stage, after the Court already issued an Order denying the parties' motions for summary judgment (Dkt. 85).

Federal case law makes it clear that Rule 56(d) does not authorize the initiation of motions, like the instant motion, the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof. *See Warner v. U.S.*, 698 F. Supp. 877, 878 -79 (S.D. Fla.1988) (*citing* to numerous federal cases on this issue); *see also Bacelli v. MFP, Inc.*, 2010 WL 2985699, at *9 (M.D. Fla. 2010) (noting that motions seeking adjudication of issues that do not resolve a party's liability on a claim are disfavored and arguably not even permitted under Rule 56).

In *SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555, 558 -59 (D.C. Ill. 1984), the Court stated:

> Rule 56(d)'s purpose, according to cases cited in 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2737, at 454 n. 1, 458-59 (2d ed. 1983) is to salvage constructive results of the court's denial of a properly-brought but unsuccessful summary judgment motion. Rule 56(d) procedure does not stand alone, but is "ancillary to a motion for summary judgment." *Id.* at 457.
> .......................................
>
> Indeed even a quick review of just this Court's published opinions in this area (a simple chore in these days of LEXIS and WESTLAW) would have disclosed to SFM that Rule 56(d) is not to be viewed as a device to obtain adjudications of non-dispositive fact issues. . . .Use of Rule 56(d) for such purposes would draft every district court into performing the task, properly the responsibility of the litigants under this Court's (and every other court's) standard form of pretrial order, of narrowing the issues for trial. See 10A Wright, Miller & Kane § 2737, at 460-61. Any such result would be unacceptable, because it would make *every* case on this Court's calendar fair game for such a "summary judgment" motion before the case goes to trial.

> Judicial calendars are far too large to permit so onerous and impermissible a use of judicial resources.

As stated in *SFM*, in this case, Defendant's motion, which contains a lengthy list of alleged "uncontroverted facts," is an inappropriate device to obtain adjudications of non-dispositive fact issues. And the Court already issued an Order on the parties' motions for summary judgment and concluded that the record was "rife" with material disputed facts. (Dkt. 85). Thus, Defendant's motion must be denied.

It is therefore ORDERED AND ADJUDGED that Defendant Donald R. McKelvey's Motion to Order Uncontroverted Facts Established at Trial (Dkt. 93) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 23, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1046.mtorderuncontrovertedfacts.frm