UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                          Case No.  8:09-cv-1046-T-30TGW

WALL STREET COMMUNICATIONS,
INC., et al.,

    Defendants.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant Donald R. McKelvey's Motion for Leave of Court to Take Trial Depositions (Dkt. 107), Plaintiff's Motion for Protective Order and Response in Opposition (Dkt. 111), and Defendant Donald R. McKelvey's Memorandum in Opposition to Plaintiff's Motion for Protective Order (Dkt. 114). On October 19, 2010, the Court held a telephonic hearing on these issues. For the reasons stated on the record, the Court rules as follows:

    1.    Plaintiff may take the discovery deposition of witness David M. Kaye, Esq. and, if there are no objections to be resolved by the Court, Defendant may take the video deposition for trial purposes ten (10) days after the date of the discovery deposition. If the Court is called upon to resolve objections concerning the deposition of Mr. Kaye, Defendant may take his trial deposition at a mutually agreeable time after the Court has ruled on the

objections. Plaintiff's subpoena of Mr. Kaye is limited in scope to the time period of 2000-2004 and to issues involving Telco, Mr. McKelvey, as he relates to Telco, and allegations of the complaint. All filings can be used during the time period of 2000-2004 (as opposed to just Form S-8 filings). Mr. Kaye must produce documents responsive to the subpoena, as limited herein, for his deposition. Plaintiff and Mr. Kaye will have to come to an agreement as to the location of his deposition. Any issues of privilege and objections to same that occur during Mr. Kaye's discovery deposition must be filed in a motion by Plaintiff no later than five (5) days following the discovery deposition of Mr. Kaye. Defendant must file a response within three (3) days from the date of the filing of the motion.

2. As to witnesses Matthew Troster, Keith Michel, and Richard Belz, the Court holds that these witnesses may testify as records custodians and not fact witnesses. Accordingly, Defendant is permitted to take their depositions for trial if the parties cannot stipulate to the authenticity of documents. If Plaintiff does stipulate to the authenticity of the records, including the meaning of any symbols, these witnesses may not testify at all.

3. As to witness Jonathan Carton, CPA, (the "summary witness"), Defendant may take his video deposition for trial and this can be used in lieu of live testimony.

4. Jury instructions are due from the parties five (5) days prior to the trial and that trial briefs are not necessary.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein, Defendant Donald R. McKelvey's Motion for Leave of Court to Take Trial Depositions (Dkt.

107) is hereby GRANTED in part and DENIED in part and Plaintiff's Motion for Protective Order and Response in Opposition (Dkt. 111) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1046.trialdepositionissues.frm