# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SECURITIES AND EXCHANGE
COMMISSION,**

     **Plaintiff,**

**v.**                                                    **Case No.  8:09-cv-1046-T-30TGW**

**WALL STREET COMMUNICATIONS,
INC., et al.,**

     **Defendants.**
_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Motion in Limine (Dkt. 96)

and Defendant Donald R. McKelvey's Motion in Limine (Dkt. 97).  On October 19, 2010,

the Court held a telephonic hearing on these issues.  For the reasons stated on the record, the

Court rules as follows:

<u>Plaintiff's Motion in Limine</u>

1. Any remaining issues as to Defendant's reliance on advice of counsel after the

Court's ruling on privilege issues will be resolved at trial.  The Court holds, however, that

Defendant's reliance on advice of counsel <u>defense</u> should not be precluded.

2. Witness David M. Kaye, Esq. may be called as a fact witness, but not as an

expert.

3.      Evidence regarding the financial status of Mr. McKelvey and the fact that his counsel is taking this case pro bono are irrelevant for the jury trial.  The Court will consider these issues after the verdict.

4.      The health condition of Mr. McKelvey's wife shall be excluded from the jury trial.

5.      Any issues as to undisclosed witnesses have been addressed in the Court's Order on the issue of trial depositions.

6.      Exhibits of SEC filings are limited to those exhibits that <u>refer</u> to the relevant time period of 2000-2004.  The Court reserves on any remaining issues as to trial exhibits.

<u>Defendant's Motion in Limine</u>

1.      The Court holds that Plaintiff cannot use answers from any witnesses claiming their Fifth Amendment Privilege during the trial without first approaching the bench.

2.      Investigative testimony can be used at the trial to the extent that the witness answered the question.

3.      Deposition of a party can be used for any purpose against that party.  The Court reserves on any objections to Mr. McKelvey's deposition until trial.

4.      The Court reserves on the issue of any reference to Howard Scala's NASD disciplinary order until trial.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein, Plaintiff's Motion in Limine (Dkt. 96) and Defendant Donald R. McKelvey's Motion in Limine (Dkt. 97) are GRANTED in part and DENIED in part.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2009\09-cv-1046.mtsinlimine.frm